# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

BRUCE A. ARBIT and MARK WINTERS,
derivatively on behalf Bovie Medical Corp.,

       Plaintiffs,

vs.                                   Case No. 8:11-cv-02020-T-30TBM

ANDREW MAKRIDES, J. ROBERT
SARON, GEORGE W. KROMER,
MICHAEL G. NORMAN, AUGUST
LENTRICCHIA, STEVEN MACLAREN,
GREGORY ALAN KONESKY, MOSHE
CITRONOWICZ, PETER PARDOLL, and
LEONARD KEEN,

       Defendants.
and

BOVIE MEDICAL CORP.,

       Nominal Defendant.
_____/

## STIPULATED CONFIDENTIALITY AND NON-WAIVER ORDER

This matter is before the Court pursuant to Federal Rule of Civil Procedure 26(c) and Rule 502(d) of the Federal Rules of Evidence upon the Parties' stipulation and motion for entry of an order governing the production of 18 documents over which Bovie has asserted a claim of privilege (identified below), in connection with and for the purpose of mediated settlement discussions. This Order is entered based upon the following findings:

(A)     This is a shareholder derivative action (the "Action") brought by Plaintiffs against certain current and former officers and directors of Nominal Defendant Bovie Medical Corporation ("Bovie");

(B)     The parties (the "Parties") participated in a full day of mediation on September

11, 2013, which mediation involved complex questions of fact and law;

(C) The Parties are presently scheduled to conduct a second day of mediation on November 7, 2013;

(D) The Amended Verified Shareholder Derivative Complaint alleges that Defendant Leonard Keen "served as [Bovie's] outside counsel and a consultant and was employed by Bovie as Vice President and General Counsel from March 2, 2010 until his termination on December 9, 2011." (Am. Compl. ¶ 8). Defendant Keen's counsel has identified 18 documents (the "Documents") to counsel for Bovie that he believes are important for Plaintiffs' counsel to review in connection with the mediation;

(E) Based upon this representation from Defendant Keen's counsel, Plaintiffs' counsel believe that their review of the Documents is necessary in order for Plaintiffs' counsel to evaluate the case so that they can knowledgably formulate settlement demands;

(F) Bovie has asserted claims of attorney-client privilege and work product protection as to the Documents, which claims are disputed by Plaintiffs and Defendant Keen;

(G) The Parties wish to make arrangements for the Documents to be provided by Bovie to Plaintiffs' counsel on a strictly confidential basis, solely for purposes of mediation, and without waiving any privilege or protection from disclosure which may be applicable to those Documents, while allowing all Parties to preserve any claims or defenses which they may have, now or in the future, regarding whether the Documents are in fact privileged, work product, or subject to any other protection;

(H) The Parties have stipulated and agreed to have Bovie's production of the Documents governed by the terms of this Order; and

(I) The Court finds that production by Bovie of the Documents to Plaintiffs' counsel

solely for purposes of the mediation and without any waiver of any privilege or protection from disclosure by Bovie or any other Defendant on the terms provided in this order is necessary to facilitate the mediation and will serve the interests of justice.

Based on the foregoing, the Parties have stipulated and agreed to the entry of this Order, and the Court hereby ORDERS as follows:

1. Bovie may produce the Documents to the following counsel for Plaintiffs, which production shall be solely for purposes of mediation: Lynda J. Grant and Nicholas Kalfa with The Grant Law Firm, PLLC; Robert Abrams and Patrick Donovan with Wolf Haldenstein Adler Freeman & Hertz, LLP; and Christopher Polaszek with Morgan & Morgan. ("Plaintiffs' Counsel").

2. The Documents shall be produced by Bovie with an alpha-numerical legend corresponding to the sequence in which they are produced and a legend reading "STRICTLY CONFIDENTIAL AND ATTORNEYS' EYES ONLY PURSUANT TO COURT ORDER." The Documents shall be delivered to the above-named counsel in hard copy format by Federal Express for overnight delivery.

3. Unless otherwise ordered by the Court or stipulated by the Parties in writing, Plaintiffs' Counsel shall keep the Documents and the information contained therein absolutely confidential and shall not disclose the Documents or their contents to any person or entity, other than: (1) the mediator and other participants in the mediation session scheduled for November 7, 2013 (or any adjourned date thereof) that have agreed in writing all information exchanged at the mediation session confidential, but only at the mediation session and (2) to employees of and experts retained by Plaintiff's Counsel who have been provided with a copy of this Order and have agreed in writing to be bound by its terms and subject to the provisions of paragraph 9

hereof. All summaries, compilations, or notes prepared by Plaintiffs' Counsel based on the Documents or their contents shall be subject to the terms of this Order to the same extent as the Documents themselves.

4. The Documents are being produced to Plaintiffs' Counsel by Bovie solely for purposes of Plaintiffs' Counsel's evaluation of the case for purposes of mediation and negotiation at mediation. Unless otherwise ordered by the Court or stipulated by the Parties in writing, Plaintiffs' Counsel shall not use the Documents or any information derived from the Documents for any purpose other than evaluating the case for purposes of mediation or negotiation at mediation.

5. Unless otherwise ordered by the Court or stipulated in writing by the Parties, Plaintiffs' Counsel shall, no later than November 11, 2013, (A) return all of the Documents to Samuel J. Salario, Jr., counsel for Bovie and (B) destroy any summaries, compilations, or notes based upon the Documents or their contents. The Documents shall be returned to Mr. Salario by Federal Express overnight delivery. Plaintiffs' Counsel shall, in a cover letter accompanying the Documents, certify that all of the Documents have been returned, no copies or reproductions of the Documents have been made or, if applicable, that any copies or reproductions of the Documents have been destroyed, and all summaries, compilations, or notes based upon the Documents or their contents have been destroyed.

6. Bovie's production of the Documents pursuant to this Order shall not be deemed to limit, relinquish, or waive any privilege, protection from disclosure, or confidentiality interest that would otherwise apply to the Documents, either for purposes of this action or any other proceeding, whether involving the same or different parties, in any state or federal forum. No Party shall assert, argue, claim, or contend, in this case or in any other forum, that Bovie's

production of the Documents pursuant to this Order limited, relinquished, or waived any privilege, protection from disclosure, or confidentiality interest that may apply to the Documents. To the extent any Party seeks disclosure or use of the Documents for any purpose or in any manner other than those provided in this Order, such Party will have to make the appropriate motion under applicable law and without regard to the fact that the Documents were produced pursuant to this Order. Conversely, Plaintiffs' and Plaintiffs' Counsel, and Defendant Keen and his counsel, do not waive, limit or in any way forgo any right, claim, or argument that the Documents are not privileged, work product, or otherwise protected, and to have production of the Documents for all purposes, and this Stipulation and any representations or assertions made in this Stipulation shall not be used by any Party in any proceeding or any motion practice in which the Parties engage concerning the production of some or all of the Documents either for or against said production.

7. This Order shall not be deemed to be an adjudication that that Documents are in fact privileged, protected from disclosure, or subject to a legitimate confidentiality interest. In any subsequent dispute about the applicability of any privilege, protection from disclosure, or confidentiality interest, the burden of proving the existence of such privilege, protection from disclosure, or confidentiality interest will rest with the Party to whom the law assigns that burden without regard to this Order.

8. The Parties shall not, directly or indirectly, disclose to any person or entity that the Documents are being produced to Plaintiffs' Counsel or that Plaintiffs' Counsel is in possession of the Documents; provided, however, the fact that the Documents have been exchanged may be disclosed to the mediator selected by the Parties in this Action, the participants in the mediation session scheduled for November 7, 2013 that have agreed to keep

the information confidential, and the Court. If, notwithstanding this requirement on non-disclosure, Plaintiffs or Plaintiffs' Counsel receive a subpoena or any other request for documents or information that seeks the disclosure of the Documents or information derived therefrom, Plaintiffs' Counsel shall notify Mr. Salario in writing within two days of receipt of such request. Bovie shall notify Plaintiffs' Counsel whether it objects to the production of any requested Documents or information derived therefrom within the time allotted for the response to the request or within five days of its receipt of notice of such request from Plaintiffs' Counsel, whichever is less. If Bovie objects to such request, Plaintiffs' Counsel shall not produce such information or Documents absent order of this Court, and Bovie and/or any of the other Defendants shall take whatever steps they deem appropriate at their expense. Upon receipt of any objection by Bovie, Plaintiffs' Counsel shall notify the requesting party in writing that the Documents or information requested are (1) asserted to be privileged by Bovie and are subject this Order and (2) that Plaintiffs' Counsel may not produce such information or documents, absent Order of this Court.

9. This Court shall have continuing jurisdiction to modify, enforce, interpret or rescind this Agreement, notwithstanding the termination of this action. A violation of this Order shall be punishable and subject to sanction as contempt of this Court. This provision for enforcement shall not be deemed to abridge or limit any rights or remedies any Party may otherwise have for a violation of this Order.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

STIPULATED AND AGREED TO BY THE PARTIES AND THEIR UNDERSIGNED COUNSEL:

DATED: October 24, 2013

**THE GRANT LAW FIRM, PLLC**
521 Fifth Avenue, 17th Floor
New York, NY 10175

By: _____
Lynda J. Grant

*Counsel for Plaintiffs*

DATED: _____

**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602

By: _____
Christopher Polaszek

*Local Counsel for Plaintiffs*

DATED: _____

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ, LLP**
270 Madison Avenue
New York, NY 10016

By: _____
Robert Abrams

*Counsel for Plaintiffs*

DATED: _____

**CARLTON FIELDS, P.A.**
4221 W. Boy Scout Boulevard
Suite 1000
Tampa, Florida 33607

By: _____
Samuel J. Salario, Jr. (FBN: 083460)
Amanda A. Sansone (FBN: 587311)
Blaise N. Gamba, (FBN: 027942)

*Counsel for Defendants Makrides, Saron, Kromer, Norman, Lentricchia, MacLaren, Konesky, Citronowicz, and Pardoll and Nominal Defendant Bovie Medical Corp.*

DATED: _____

**FISHER, RISHMER, WERRENRATH, DICKSON, TALLY & DUNLAP, P.A.**
390 N. Orange Avenue, Suite 2200
Orlando, FL 32802

By: _____
John Edwin Fisher (FBN: 91677)
Chris Ballentine (FBN: 434205)

*Counsel for Defendant Leonard Keen*

STIPULATED AND AGREED TO BY THE PARTIES AND THEIR UNDERSIGNED COUNSEL:

DATED:_____

**THE GRANT LAW FIRM, PLLC**
521 Fifth Avenue, 17th Floor
New York, NY 10175

By:_____
    Lynda J. Grant

*Counsel for Plaintiffs*

DATED:_____

**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602

By:_____
    Christopher Polaszek

*Local Counsel for Plaintiffs*

DATED:_____

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ, LLP**
270 Madison Avenue
New York, NY 10016

By:_____
    Robert Abrams

*Counsel for Plaintiffs*

DATED: Oct. 25, 2013

**CARLTON FIELDS, P.A.**
4221 W. Boy Scout Boulevard
Suite 1000
Tampa, Florida 33607

By:_____
    /s/ Samuel J. Salario, Jr. (FBN: 083460)
    Amanda A. Sansone (FBN: 587311)
    Blaise N. Gamba, (FBN: 027942)

*Counsel for Defendants Makrides, Saron, Kromer, Norman, Lentricchia, MacLaren, Konesky, Citronowicz, and Pardoll and Nominal Defendant Bovie Medical Corp.*

DATED:_____

**FISHER, RISHMER, WERRENRATH, DICKSON, TALLY & DUNLAP, P.A.**
390 N. Orange Avenue, Suite 2200
Orlando, FL 32802

By:_____
    John Edwin Fisher (FBN: 91677)
    Chris Ballentine (FBN: 434205)

*Counsel for Defendant Leonard Keen*

STIPULATED AND AGREED TO BY THE PARTIES AND THEIR UNDERSIGNED COUNSEL:

DATED:_____

**THE GRANT LAW FIRM, PLLC**
521 Fifth Avenue, 17th Floor
New York, NY 10175

By:_____
    Lynda J. Grant

*Counsel for Plaintiffs*

DATED: 10/25/13

**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602

By: /s/ Christopher Polaszek

*Local Counsel for Plaintiffs*

DATED:_____

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ, LLP**
270 Madison Avenue
New York, NY 10016

By:_____
    Robert Abrams

*Counsel for Plaintiffs*

DATED:_____

**CARLTON FIELDS, P.A.**
4221 W. Boy Scout Boulevard
Suite 1000
Tampa, Florida 33607

By:_____
    Samuel J. Salario, Jr. (FBN: 083460)
    Amanda A. Sansone (FBN: 587311)
    Blaise N. Gamba, (FBN: 027942)

*Counsel for Defendants Makrides, Saron, Kromer, Norman, Lentricchia, MacLaren, Konesky, Citronowicz, and Pardoll and Nominal Defendant Bovie Medical Corp.*

DATED:_____

**FISHER, RISHMER, WERRENRATH, DICKSON, TALLY & DUNLAP, P.A.**
390 N. Orange Avenue, Suite 2200
Orlando, FL 32802

By:_____
    John Edwin Fisher (FBN: 91677)
    Chris Ballentine (FBN: 434205)

*Counsel for Defendant Leonard Keen*

STIPULATED AND AGREED TO BY THE PARTIES AND THEIR UNDERSIGNED COUNSEL:

DATED:_____

**THE GRANT LAW FIRM, PLLC**
521 Fifth Avenue, 17th Floor
New York, NY 10175

By:_____
    Lynda J. Grant

*Counsel for Plaintiffs*

DATED:_____

**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602

By:_____
    Christopher Polaszek

*Local Counsel for Plaintiffs*

DATED:_____

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ, LLP**
270 Madison Avenue
New York, NY 10016

By:_____
    Robert Abrams

*Counsel for Plaintiffs*

DATED:_____

**CARLTON FIELDS, P.A.**
4221 W. Boy Scout Boulevard
Suite 1000
Tampa, Florida 33607

By:_____
    Samuel J. Salario, Jr. (FBN: 083460)
    Amanda A. Sansone (FBN: 587311)
    Blaise N. Gamba, (FBN: 027942)

*Counsel for Defendants Makrides, Saron, Kromer, Norman, Lentricchia, MacLaren, Konesky, Citronowicz, and Pardoll and Nominal Defendant Bovie Medical Corp.*

DATED: 10/24/13

**FISHER, RISHMER, WERRENRATH, DICKSON, TALLY & DUNLAP, P.A.**
390 N. Orange Avenue, Suite 2200
Orlando, FL 32802

By:_____
    John Edwin Fisher (FBN: 91677)
    Chris Ballentine (FBN: 434205)

*Counsel for Defendant Leonard Keen*

STIPULATED AND AGREED TO BY THE PARTIES AND THEIR UNDERSIGNED COUNSEL:

DATED:_____

**THE GRANT LAW FIRM, PLLC**
521 Fifth Avenue, 17th Floor
New York, NY 10175

By:_____
    Lynda J. Grant

*Counsel for Plaintiffs*

DATED:_____

**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602

By:_____
    Christopher Polaszek

*Local Counsel for Plaintiffs*

DATED: 10/24/2013

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ, LLP**
270 Madison Avenue
New York, NY 10016

By:_____
    Robert Abrams

*Counsel for Plaintiffs*

DATED:_____

**CARLTON FIELDS, P.A.**
4221 W. Boy Scout Boulevard
Suite 1000
Tampa, Florida 33607

By:_____
    Samuel J. Salario, Jr. (FBN: 083460)
    Amanda A. Sansone (FBN: 587311)
    Blaise N. Gamba, (FBN: 027942)

*Counsel for Defendants Makrides, Saron, Kromer, Norman, Lentricchia, MacLaren, Konesky, Citronowicz, and Pardoll and Nominal Defendant Bovie Medical Corp.*

DATED:_____

**FISHER, RISHMER, WERRENRATH, DICKSON, TALLY & DUNLAP, P.A.**
390 N. Orange Avenue, Suite 2200
Orlando, FL 32802

By:_____
    John Edwin Fisher (FBN: 91677)
    Chris Ballentine (FBN: 434205)

*Counsel for Defendant Leonard Keen*

DONE and ORDERED in Chambers in Tampa, Florida this 26 day of October, 2013.

/s/ James S. Moody
JAMES S. MOODY
UNITED STATES DISTRICT JUDGE

Copies to Counsel of Record