**EXECUTION COPY**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRUCE A. ARBIT and MARK WINTERS,
derivatively on behalf of Bovie Medical Corp.,

       Plaintiffs,

v.                               Case No: 8:11-cv-02020-T-30TBM

ANDREW MAKRIDES, J. ROBERT SARON,
GEORGE W. KROMER, MICHAEL G.
NORMAN, AUGUST LENTRICCHIA, STEVEN
MACLAREN, GREGORY ALAN KONESKY,
MOSHE CITRONOWICZ, PETER PARDOLL,
and LEONARD KEEN,

       Defendants,

and

BOVIE MEDICAL CORP.,

       Nominal Defendant.

_____/

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement ("Stipulation"), dated as of June 26, 2014, is entered into by and among (1) Plaintiffs Bruce A. Arbit ("Arbit") and Mark A. Winters ("Winters", together with Arbit, the "Plaintiffs"); (2) the Individual Defendants (as defined in ¶ 1.7 below) ; and (3) nominal defendant Bovie Medical Corporation ("Bovie" or the "Company"), through their respective counsel in the above-captioned shareholder derivative action (the "Action"). For purposes of this Stipulation, the Individual Defendants and Bovie are referred to collectively as "Defendants" and Plaintiffs and Defendants are referred to collectively as the "Parties." This Stipulation sets forth the terms and conditions of the settlement (the "Settlement") of the Action by the Parties, subject to approval by the United States District Court

**EXECUTION COPY**

for the Middle District of Florida (the "Court"), and is intended by the Parties to fully, finally, and forever resolve, discharge, and settle with prejudice the Released Claims (as defined in ¶ 1.14 below) and Plaintiff Released Claims (as defined in ¶ 1.11 below) on the terms and conditions set forth herein.

WHEREAS:

A.     On September 6, 2011, Arbit and Curt Coulter ("Coulter") filed a Verified Shareholder Derivative Complaint (the "Original Complaint") against the Individual Defendants, which named the Company as a nominal defendant.  The Original Complaint asserted a claim for breach of fiduciary duty against all of the Individual Defendants, a claim for breach of contract against Individual Defendants Andrew Makrides ("Makrides"), J. Robert Saron ("Saron"), Moshe Citronowicz ("Citronowicz"), and Leonard Keen ("Keen"), and a claim for injunctive relief requiring the Company to institute certain corporate governance changes.  The claims were based upon allegations that the Individual Defendants, each of whom is or was an officer and/or director of Bovie at the time of the alleged wrongdoing, failed to discharge their fiduciary duties in conducting Bovie's business, allegedly subjecting Bovie to various litigations by third parties and allegedly causing Bovie to lose opportunities to sell all or part of the Company and exploit revenue-generating prospects for its products.

B.     On November 11, 2011, Plaintiffs made their first Settlement Demand ("First Settlement Demand") on Defendants.  In the First Settlement Demand, Plaintiffs requested that the Bovie undertake a number of corporate governance changes, including but not limited to the following: (1) removing Citronowicz from his position with the Company; (2) removing any relative of Citronowicz from the Company's employ; (3) removing from the Company's Board of Directors any director with whom the Company had or has a consulting agreement; and (4)

**EXECUTION COPY**

reconsidering and reviewing the employment of a number of the Company's then existing directors. Since that time, the Company has taken certain of the requested measures.

        C.    On December 12, 2011, the Court, upon the Parties' joint motion, stayed the Action pending resolution of *Bovie Medical Corp. v. Steven Livneh, Henvil Corp., Ltd., and Lican Developments, Ltd, v. Moshe Citronowicz and Andrew Makrides*, Case No. 8:10-cv-01527-SCB, which was then pending before this Court in the United States District Court for the Middle District of Florida, Tampa Division until March 12, 2012.

        D.    On March 29, 2012, Plaintiffs filed the currently-operative Amended Verified Shareholder Derivative Complaint (the "Amended Complaint"). The Amended Complaint named Arbit and Winters as plaintiffs. The allegations and claims asserted in the Amended Complaint reiterated the claims asserted in the Original Complaint, but expanded the Action to include claims arising from events that had occurred after the filing of the Original Complaint, including claims regarding a proceeding brought by Individual Defendant Keen captioned *Leonard Keen v. Bovie Medical Corp.*, 8:12-cv-00305-SCB-EAJ, which was then pending before this Court in the United States District Court for the Middle District of Florida, Tampa Division (the "Keen Action").

        E.    In late March 2012 and early April 2012, the Parties made extensive disclosures pursuant to Federal Rule of Civil Procedure 26(f), including the production of certain of the relevant insurance policies.

        F.    On May 21, 2012, the Individual Defendants, other than Keen, and Bovie filed a motion to dismiss the Amended Complaint (the "Motion to Dismiss"), asserting that Plaintiffs had failed to make pre-suit demand on Bovie's Board of Directors and to adequately

**EXECUTION COPY**

allege that such a demand would have been futile.  Keen filed an answer to the Amended Complaint on May 21, 2012.

G.     Plaintiffs filed a memorandum of law in opposition to that motion on July 13, 2012, and, with leave of Court, the Individual Defendants and Bovie filed a reply memorandum on August 6, 2012.  During the pendency of the Motion to Dismiss, Plaintiffs attempted to proceed with already-served document discovery requests.  In response to a motion for a protective order by certain of the Defendants, by order dated July 23, 2012, the Court stayed any further discovery pending its ruling on the Motion to Dismiss.

H.     On September 21, 2012, the Court entered an order denying the Motion to Dismiss on the ground that the Amended Complaint adequately pled that a pre-suit demand upon the Company's Board would have been futile, and required the moving Individual Defendants and Bovie to file answers to the Amended Complaint.

I.      On October 12, 2012, the moving Individual Defendants and Bovie filed their respective answers to the Amended Complaint.  The moving Individual Defendants' answer denied the material allegations of the Amended Complaint, denied any wrongdoing, liability, or damages alleged in the Amended Complaint, and asserted thirteen defenses. Keen's answer likewise denied the material allegations of the Amended Complaint, denied any wrongdoing, liability, or damages alleged in the Amended Complaint, and asserted defenses.

J.      Subsequent to the filing of the Individual Defendants' and Bovie's answers and the expiration of the stay, the Parties engaged in extensive document discovery.  In the course of such discovery, the Company and the Individual Defendants produced more than 45,000 pages of documents.  Those documents included, among other things, transcripts of depositions of several of the Individual Defendants and Bovie employees from the litigations

4

**EXECUTION COPY**

described in the Amended Complaint, as well as documents which had been produced in those actions. Moreover, Plaintiffs served document and deposition subpoenas on ERBE USA, Inc., Salient Pharmaceuticals, Inc., Medtronic, Inc, Steven Livneh ("Livneh"), Arik Zoran, James Muehleisen and Rick Pfahl. Plaintiffs further noticed the examinations of defendants Makrides, Saron, George W. Kromer ("Kromer"), Michael G. Norman ("Norman"), August Lentricchia ("Lentricchia"), Steven MacLaren ("MacLaren"), Gregory Alan Konesky ("Konesky"), Citronowicz, and Keen.

      K.      Additionally, Plaintiffs conducted substantial informal discovery, which included interviews with pertinent witnesses, including Livneh, his counsel at the time, and certain large stockholders of Bovie and former Bovie executives, and studied and analyzed Bovie's corporate history, its public filings, the trading patterns of the Individual Defendants and their sales and purchases of Bovie shares, and the statements and press releases disseminated by the Company regarding the marketing for its primary products.

      L.      Given the Company's limited insurance coverage, and the fact that it was engaged in various insurance coverage disputes, Plaintiffs expended time analyzing Bovie's insurance coverage, and the "reservation of rights" or outright denial of coverage by certain insurance carriers.

      M.      Plaintiffs made their second Settlement Demand on December 24, 2012 ("Second Settlement Demand"). In that demand, Plaintiffs set forth corporate governance measures that they wanted instituted by the Company in connection with a settlement.

      N.      Given the anticipated expense of continuing with discovery and limited insurance coverage available, the Parties agreed, several months after the Second Settlement Demand, to submit their dispute to mediation. By this point, given their formal and informal

**EXECUTION COPY**

discovery efforts, Plaintiffs believed that they had sufficient information to enable them to knowledgeably engage in settlement discussions.

O.     On September 11, 2013, the Parties and their counsel, and representatives of certain insurance carriers participated in a full-day mediation session before Jed D. Melnick, Esq. of JAMS, a highly-respected mediator of securities and derivative lawsuits, in New York City. That session ended without any agreement being reached.

P.     The Parties, their counsel, and representatives of certain insurance carriers agreed to participate in a second day of mediation on November 7, 2013 before Mr. Melnick at JAMS in New York. In advance of that session, the Parties engaged in direct settlement discussions and exchanged various proposals related to the disputed issues among them and potential corporate governance measures to be adopted by the Company. The second full day of mediation again ended without any agreement being reached.

Q.     Given that progress was being made, however, the Parties and insurance carriers agreed to participate in a third day of mediation on December 12, 2013 before Mr. Melnick. In advance of that session, the Parties engaged in additional direct and mediator-facilitated settlement discussions and exchanged various proposals and ideas related to the disputed issues among them. The third day of mediation took place on December 12, 2013 as planned, and ended with an agreement-in-principle to settle the Action in substantially the form being presented herein, subject to the approval of the Individual Defendants, Bovie's Board of Directors, and the Court. The Individual Defendants and Bovie's Board of Directors have since approved this Agreement and the Settlement.

R.     Plaintiffs and their counsel, having thoroughly considered and analyzed both the facts and law underlying the Action, determined that it is in the best interests of the

**EXECUTION COPY**

Company and its stockholders that the Action be fully and finally settled on the terms and conditions set forth in this Stipulation and that these terms and conditions are fair, reasonable, and adequate to the Company and its stockholders. Given the risks of litigation, and the limited insurance proceeds available to satisfy a potential judgment, Plaintiffs and their counsel believe that further litigation would not yield any greater result.

S.     Defendants continue to deny any and all allegations of wrongdoing, liability, and violation of any laws or the existence of any damages asserted in or arising from the Action. The Individual Defendants believe that the Action is without merit and that they have substantial defenses to the claims alleged against them. The Individual Defendants have concluded, however, that further litigation of the Action would be time-consuming and expensive, and, after weighing the costs and uncertainties of continued litigation, that the Action should be fully and finally settled on the terms set forth in this Stipulation, and that these terms and conditions are fair, reasonable, and adequate to Bovie and its stockholders.

**NOW, THEREFORE, IT IS STIPULATED AND AGREED**, by and among the Parties, subject to the approval of the Court, that the Action shall be fully and finally compromised and settled, the Released Claims and the Plaintiff Released Claims shall be released as against the Releasees by the Releasors and the Defendant Releasors, respectively, and the Action shall be dismissed with prejudice, upon and subject to the following terms and conditions:

**I.     DEFINITIONS**

As used in this Stipulation, the following terms have the meanings specified below:

1.1     "Defendants' Counsel" means Carlton Fields Jorden Burt, P.A., Fisher Rushmer Werrenrath Dickson Talley & Dunlap, P.A., and Ruskin Moscou Faltischek, P.C.

**EXECUTION COPY**

1.2     "Effective Date" means the date upon which the all of the following have occurred: (A) the Court has entered the Judgment; and (B) the Judgment has become Final (as defined in ¶ 1.6 below).

1.3     "Enhancement Award" means an award of Two Thousand Five Hundred Dollars and no cents ($2,500.00) to each of Plaintiffs Arbit and Winters for which Arbit and Winters intend to apply to the Court, to be paid exclusively from the Fee and Expense Award (defined below), in recognition of their bringing this Action, participating in discovery, and consulting with lead counsel.

1.4     "Fee and Expense Award" means the award of Eight Hundred and Fifty Thousand Dollars and no cents ($850,000.00) for which Plaintiffs' Counsel intend to apply to the Court, inclusive of all fees and expenses of Plaintiffs and Plaintiffs' Counsel, or such lesser amount as may be awarded by the Court.

1.5     "Fee and Expense Application" means an application by Plaintiffs' Counsel for an award by the Court of the Fee and Expense Award.

1.6     "Final" means the date upon which the last of the following with respect to the Judgment shall occur: (i) the expiration of three (3) business days after the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of three (3) business days after the time in which to appeal the Judgment has passed without any appeal having been taken (which date shall be deemed to be thirty-three (33) days following the entry of the Judgment, unless the date to take such an appeal shall have been extended by Court order or otherwise, or unless the thirty-third (33rd) day falls on a weekend or a Court holiday, in which case the date for purposes of this Stipulation shall be deemed to be the next business day after such thirty-third (33rd) day); and

**EXECUTION COPY**

(iii) if such motion to alter or amend is filed or if an appeal is taken, three (3) business days after the final and no longer appealable determination of that motion or appeal (including any petition for writ of certiorari) in such a manner as to permit the consummation of the Settlement substantially in accordance with the terms and conditions of this Stipulation. For purposes of this paragraph, an "appeal" shall not include any appeal that concerns only the issue of attorneys' fees and reimbursement of expenses. Any proceeding or order, or any appeal or petition for a writ of certiorari pertaining solely to any application for attorneys' fees, costs or expenses, shall not in any way delay or preclude the Judgment from becoming Final.

1.7. "Individual Defendants" means Andrew Makrides, J. Robert Saron, George W. Kromer, Michael G. Norman, August Lentricchia, Steven MacLaren, Gregory Alan Konesky, Moshe Citronowicz, Peter Pardoll, and Leonard Keen.

1.8 "Judgment" means the Order and Final Judgment, substantially in the form attached hereto as Exhibit E, to be entered by the Court approving the Settlement, dismissing with prejudice the claims asserted in the Amended Complaint, effectuating the releases provided for by this Stipulation, and barring and enjoining the prosecution of Released Claims and Plaintiff Released Claims against the Releasees and Plaintiff Releasees, respectively.

1.9 "Notice" means the Notice of Pendency of Derivative Action, Proposed Settlement of Derivative Action, Settlement Hearing, and Right to Appeal, substantially in the form attached hereto as Exhibit D.

1.10 "Plaintiffs' Counsel" means TheGrantLawFirm, PLLC, Wolf Haldenstein Alder Freeman & Herz, LLP, and Morgan & Morgan, PA.

1.11 "Plaintiff Released Claims" means any and all Claims (as defined in ¶ 1.14 below) based upon the initiation, prosecution, or settlement of the Action which the Defendants,

**EXECUTION COPY**

or any one of them may have, could have or may have in the future against any of the Plaintiff Releasees; provided, however, for the avoidance of doubt, that the term "Plaintiff Released Claims" shall not include any Claims to enforce the terms of this Stipulation.

1.12   "Plaintiff Releasees" means Plaintiffs, Plaintiffs' Counsel, and their respective predecessors, successors, heirs, agents and assigns.

1.13   "Preliminary Approval Order" means the Order Preliminarily Approving Derivative Settlement And Providing For Notice, substantially in the form attached hereto as Exhibit C, preliminarily approving the Settlement, providing for notice to Bovie's stockholders, and scheduling the Settlement Hearing.

1.14   "Released Claims" means any and all claims, rights, demands, obligations, controversies, debts, damages, losses, actions, causes of action, and liabilities of any kind or nature whatsoever (collectively, "Claims") whether in law or equity, whether based on federal, state, local, statutory, or common law or any other law, whether accrued or unaccrued, fixed or contingent, or matured or unmatured, including both known and Unknown Claims (as defined in ¶ 1.17 below, including, but not limited to, claims for negligence, gross negligence, breach of fiduciary duty, breach of the duty of care, breach of the duty of loyalty, breach of the duty of good faith, breach of the duty of candor, corporate waste, fraud, fraud in the inducement, negligent misrepresentation, or violations of any state or federal laws relating to corporate governance or securities, that are, have been, could have been, or could now be asserted in the Action or in any other proceeding in the Court or any other court or tribunal by Plaintiffs, Bovie, or any Bovie stockholder suing derivatively on behalf of Bovie against any and all of the Releasees (as defined in ¶ 1.15 below) that arise out of, are based upon, involve, or are in any way related to any circumstance, event, fact, occurrence, or transaction alleged or described in

**EXECUTION COPY**

either the Original Complaint or the Amended Complaint or otherwise by the Plaintiffs in the Action; provided, however, for the avoidance of doubt, that the term "Released Claims" shall not include any Claims to enforce the terms of this Stipulation or the right of Plaintiffs and their counsel to prosecute any claim against any insurance carrier assigned to them by any of the Defendants.

1.15    "Releasees" means Defendants and any of their present or former parents, subsidiaries, divisions, affiliates, associated entities, stockholders, principals, officers, directors, employees, managing directors, members, managing members, managing agents, agents, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, financial or investment advisors, legal advisors, insurers, or reinsurers, and, with respect to the Individual Defendants only, any of their family members, spouses, heirs, assigns, trusts, trustees, executors, estates, administrators, beneficiaries, or any business entity associated with any of them.

1.16    "Settlement Hearing" means the hearing to be scheduled by the Court under Federal Rules of Civil Procedure 23.1 to consider whether to approve the Settlement as fair, reasonable, and adequate and in the best interest of the Company and its stockholders.

1.17    "Unknown Claims" means any and all Released Claims that any Plaintiff, Bovie, or any Bovie stockholder suing derivatively on behalf of Bovie does not know or suspect to exist in his, her or its favor at the time of the release of the Releasees from the Released Claims which, if known by him, her or it, might have affected his, her or its decisions with respect to the Settlement with and release of the Releasees, or might have affected his, her or its decision not to object to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs, Bovie, and each Bovie stockholder who may sue derivatively on behalf of Bovie shall expressly waive, and shall be deemed to have expressly

**EXECUTION COPY**

waived, and by operation of the Judgment shall have expressly waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Upon the Effective Date, Plaintiffs, Bovie, and each Bovie stockholder who may sue derivatively on behalf of Bovie shall expressly waive shall be deemed to have expressly waived, and by operation of the Judgment shall have waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. Plaintiffs, Bovie, and each Bovie stockholder who may sue derivatively on behalf of Bovie may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs, Bovie, and each Bovie stockholder suing derivatively on behalf of Bovie shall expressly fully, finally and forever settle and release shall be deemed to have, and by operation of the Judgment fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Parties acknowledge, and each Bovie stockholder who may sue on behalf of Bovie shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver and inclusion of Unknown Claims in the

**EXECUTION COPY**

definition of Defendant Released Claims was separately bargained for and a key element of the settlement of which this release is a part.

## II.   SETTLEMENT CONSIDERATION

2.1   Defendants acknowledge that, subsequent to the commencement of the Action, the Company made certain decisions and took certain actions as more fully described in Exhibit A to this Stipulation.   The Company acknowledges and agrees that: (A) the filing and prosecution of the Action were material factors in the Company's decisions and actions described in Exhibit A; and (B) these decisions and actions described in Exhibit A conferred substantial benefits upon Bovie and its stockholders.   Such decisions and actions constitute a portion of the consideration and benefits conferred by this Settlement.

2.2   Additionally, within ninety (90) calendar days of the Effective Date, Bovie, through its Board of Directors, agrees that it shall institute and implement (to the extent not already instituted and implemented) those corporate governance measures described in Exhibit B to this Stipulation, by adopting such resolutions, amending appropriate committee charters, and/or taking such other actions as are reasonably necessary to ensure adherence to those corporate governance measures.   These measures shall be maintained and remain in effect for a minimum of four (4) years from the Effective Date.   The Company acknowledges and agrees that these corporate governance measures confer substantial benefits upon Bovie and its stockholders.

## III.   RELEASES

3.1   Upon entry of the Judgment and the payment of the Fee & Expense Award as provided in Paragraph 5.2 of this Stipulation (if and to the extent that such an award is approved by the Court), Plaintiffs, Bovie, every Bovie stockholder, and any other person or entity who could assert any of the Released Claims on their behalf, shall fully, finally, and forever release,

EXECUTION COPY

remise, and discharge and shall, by operation of the Judgment, be deemed to have fully, finally, and forever released, remised, and discharged each of the Releasees from any and all Released Claims.  Upon the Effective Date, Plaintiffs, Bovie, every Bovie stockholder, and any other person or entity who could assert any of the Released Claims on their behalf shall by operation of the Judgment be permanently barred and enjoined from asserting any Released Claims against any of the Releasees.

3.2    Upon entry of the Judgment and the payment of the Fee & Expense Award as provided in Paragraph 5.2 of this Stipulation (if and to the extent that such an award is approved by the Court), each of the Defendants, on behalf of themselves and any other person or entity who could assert Defendant Released Claims on their behalf, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged each of the Plaintiff Releasees from any and all Plaintiff Released Claims.

## IV.    PROCEDURE FOR APPROVAL

4.1    Within five (5) days of the full execution of this Stipulation, the Parties shall file with the Court (A) this Stipulation and its exhibits and (B) a joint motion seeking entry of the Preliminary Approval Order.

4.2    Within ten (10) days after the entry of the Preliminary Approval Order, Bovie shall cause the Notice to be filed with the United States Securities and Exchange Commission on Form 8-K and shall post the Notice and this Stipulation on its website.  All costs associated with filing the Notice and posting the Notice and Stipulation as required by this paragraph shall be borne by Bovie.  At least seven (7) days prior to the Settlement Hearing, Bovie's Counsel shall file with the Court an affidavit or declaration confirming the filing and posting of the Notice in accord with the requirements of this paragraph.

**EXECUTION COPY**

4.3     Within ten (10) days after the entry of the Preliminary Approval Order, Plaintiffs' Counsel shall post copies of the Notice and Stipulation on the websites of each of Plaintiffs' Counsel. All costs associated with posting the Notice and Stipulation as required by this paragraph shall be borne by Plaintiffs' Counsel. At least seven (7) days prior to the Settlement Hearing, Plaintiff's Counsel shall file with the Court an affidavit or declaration confirming the filing and posting of the Notice in accord with the requirements of this paragraph.

4.4     The Parties acknowledge and agree that the content of the Notice and the manner of providing Notice established by this Section 4 constitutes adequate and reasonable notice to Bovie's stockholders pursuant to applicable law and due process.

4.5 Any Bovie stockholder who objects to the Settlement or the application for a Fee and Expense Award by Plaintiffs' Counsel, or who otherwise wishes to be heard, may appear in person or through his, her, or its attorney at the Settlement Hearing and present any evidence or argument that may be proper and relevant; provided, however, that no such person shall be heard, and no papers, briefs, pleadings, or other documents submitted by any such person shall be received and considered by the Court unless, no later than ten (10) calendar days prior to the Settlement Hearing, such person files with the Court, the following: (A) a written and signed notice of intention to appear which states the name, address and telephone number of the objector and, if represented, his, her or its counsel; (B) proof that the objector owned shares of Bovie stock as of the date of this Stipulation and continues to hold such shares; and (C) a written detailed statement of the person's objections to any matter before the Court, and the specific grounds therefor or the reasons why such person desires to appear and to be heard, as well as all documents and writings which such person desires the Court to consider, including any legal and evidentiary support. Any such filings with the Court must also be served upon each of the

EXECUTION COPY

following counsel (by hand, first class U.S. mail, or express service) such that they are received

no later than ten (10) calendar days prior to the Settlement Hearing:

>       Lynda J. Grant
>       TheGrantLawFirm, PLLC
>       521 Fifth Avenue, 17th Floor
>       New York, New York 10175
>
>       Samuel J. Salario, Jr.
>       Carlton Fields Jorden Burt, P.A.
>       4221 W. Boy Scout Boulevard, Suite 1000
>       Tampa, Florida 33607
>
>       and
>
>       Chris Ballentine
>       Fisher, Rushmer, Werrenrath, Dickson, Talley & Dunlap, P.A.
>       390 North Orange Avenue, Suite 2200
>       Orlando, Florida 32801

Unless the Court otherwise directs, any person who fails to object in the manner prescribed

above shall be deemed to have waived his, her, or its right to object and shall be forever barred

from raising any objection to the Settlement or Plaintiffs' Counsel's application for an award of

attorneys' fees and expenses, or any other matter related to the Settlement.  All briefs in support

of the approval of the Settlement and Plaintiffs' Counsel's application for attorneys' fees and

expenses shall be filed with the Court no later than fifteen (15) calendar days before the

Settlement Hearing; and reply papers, if any, shall be filed no later than three (3) calendar days

before the Settlement Hearing.

## V.     FEES AND EXPENSES OF PLAINTIFF'S COUNSEL AND ENHANCEMENT TO PLAINTIFFS

5.1     After agreeing to the Settlement consideration set forth in Section II above,

Plaintiffs' Counsel, Defendants' Counsel, and Defendants' insurance carriers, with the assistance

of Mr. Melnick, negotiated the amount of attorneys' fees and expenses that, subject to Court

**EXECUTION COPY**

approval, would be paid to Plaintiffs' Counsel.   As a result of the negotiations, Plaintiffs counsel

may submit a Fee and Expense Application in an amount not to exceed $850,000.00.   The

Company and the Individual Defendants agree not to oppose or cause any other person to oppose

a Fee and Expense Application seeking fees and expenses up to $850,000.00.   The payment of

the Fee and Expense Award shall be in full and complete satisfaction of any claims, entitlements,

or rights of Plaintiffs, Plaintiffs Counsel, or any other person acting on behalf of Plaintiffs, for

attorneys' fees, costs, or any other expenses of any kind incurred in connection with the

initiation, prosecution, or settlement of the Action.

     5.2     Pursuant to that certain Insurance Settlement and Release between Defendants

and their insurance carriers (the "Insurance Settlement Agreement"), Defendants' insurance

carriers shall pay the Fee and Expense Award in the amount awarded by the Court within twenty

(20) business days after the Court executes an order determining the Fee and Expense Award,

notwithstanding the existence of any timely filed objections thereto, or the potential for appeal

therefrom, or collateral attack on the Settlement or any part thereof.   It is understood that

Defendants shall have no responsibility for funding any portion of the Fee and Expense Award;

provided, however, that in the event Defendants' insurance carriers fail to pay the foregoing

amount within the time provided in this Paragraph 5.2, Defendants shall assign to Plaintiffs'

Counsel their rights under the Insurance Settlement Agreement in regards to payment of the Fee

and Expense Award.   Plaintiffs' Counsel agree that acceptance of payment of the Fee and

Expense Award is subject to their obligation (including the obligations of any other person or

counsel who is allocated any portion of the Fee and Expense Award) to make repayment in full

or in part, as the case may be, to Defendants' Insurance Carriers with interest computed based on

the 30 Day Treasury Rate within ten (10) business days after receiving from any of Defendants'

**EXECUTION COPY**

Counsel or from a court of appropriate jurisdiction notice of the termination of the Settlement or notice that the Fee and Expense Award is reduced or reversed for any reason.   Plaintiffs' Counsel agree that they remain subject to the continuing jurisdiction of the Court for the purpose of enforcing their obligation to repay all or any portion of the Fee and Expense Award as provided in this paragraph.

5.3     Plaintiffs Arbit and Winters may apply to the Court for an Enhancement Award in an amount not to exceed $2,500.00 to each of Plaintiffs Arbit and Winters.  To the extent any Enhancement Award is granted by the Court, such award shall be paid to Plaintiffs Arbit and Winters by Plaintiffs' Counsel out of the Fee and Expense Award.  In no event shall the Court's decision to authorize an Enhancement Award be deemed to require the payment by Defendants' insurance carriers of any sum in excess of the Fee and Expense Award or of any sum whatsoever by Defendants.  The fact that Plaintiffs Arbit and Winters are seeking an Enhancement Award shall not be considered in the determination of the amount of the Fee and Expense Award.

5.4     The determination and approval by the Court of the Fee and Expense Award and any Enhancement Award is not a condition of the Settlement.  The determination and approval by the Court of the Fee and Expense Award and any Enhancement Award shall be considered separately from the fairness, reasonableness, and adequacy of the Settlement to Bovie and its stockholders.  A decision by the Court or any appellate court to deny or disapprove the Fee and Expense Award, to award fees and expenses in an amount less than $850,000.00, to deny or disapprove any Enhancement Award, or to authorize such an award in an amount less than $2,500.00 to each of Plaintiffs Arbit and Winters shall not delay or prevent the Judgment from becoming Final or the Settlement from becoming effective or provide any basis for a termination of the Settlement.

EXECUTION COPY

## VI.   CONDITIONS TO AND TERMINATION OF SETTLEMENT

6.1   The Settlement is conditioned upon the Effective Date having occurred in accord with the provisions of this Stipulation.

6.2   Except as provided in ¶ 5.4 above, Plaintiffs (provided they unanimously agree), Bovie, and each of the Individual Defendants shall each have the right to terminate the Settlement by providing written notice of their election to do so ("Termination Notice") within fifteen (15) days of (A) the Court denying the motion contemplated by Paragraph 4.1 of this Stipulation for entry of the Preliminary Approval Order, otherwise declining to enter the Preliminary Approval Order in accord with this Stipulation and its exhibits, or altering, changing, or modifying the Preliminary Approval Order in any substantive respect; (B)  the Court denying any application or motion seeking entry of the Judgment in accord with the terms of this Stipulation and its exhibits, otherwise declining to enter the Judgment in accord with the terms of this Stipulation and its exhibits, or altering, changing, or modifying the Judgment in any substantive respect; or (C) the alteration, modification, reversal, quashing, or vacatur of the Judgment in any substantive respect by an appellate court.

6.3   In the event that the condition specified in Paragraph 6.1 of this Stipulation fails to occur or the Settlement is terminated pursuant to Paragraph 6.2 of this Stipulation, the Settlement and this Stipulation, including the consideration and releases provided for herein, shall be terminated and shall be deemed null and void and of no further force and effect, with the exception that the provisions of ¶¶ 1.1-1.17 (to the extent they provide definitions), 5.2 (to the extent it requires the return of the Fee and Expense Award to Defendants' insurance carriers), 7.1, 8.3-8.13, shall survive such termination and continue to be binding on the parties, their successors, and assigns.   In the event of such a termination, (A) the Parties shall revert to their

**EXECUTION COPY**

status and litigating positions in the Action as of December 12, 2013; (B) the Parties shall proceed in all respects as if the Settlement had not occurred and this Stipulation had not been entered into by the Parties; and (C) the fact of the Settlement shall not be admissible in any proceeding before any court (including the Court) or tribunal.

## VII.   NO ADMISSION OF LIABILITY OR WRONGDOING

7.1     This Stipulation, whether or not consummated, any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement, and any negotiations, discussions or proceedings in connection with this Stipulation or the Settlement:

(a)     shall not be offered or received against any Defendant or Releasee as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant or Releasee of the truth of any fact alleged by Plaintiffs or the validity of any claim that has been or could have been asserted in the Action or any other litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, or of any liability, negligence, fault, or wrongdoing of the Defendants and Releasees;

(b)     shall not be offered or received against any Defendant or Releasee as evidence of or construed or deemed to be evidence of a presumption, concession, admission of any fault, breach of duty, misrepresentation, omission, or other wrongdoing with respect to any conduct by or any statement or written document approved or made by any Defendant or Releasee;

(c)     shall not be offered or received against any Defendant or Releasee as evidence or construed or deemed to be evidence of a presumption, concession, or admission of any liability, negligence, fault or wrongdoing, or in any way referred to for

**EXECUTION COPY**

any other reason as against any of the Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, Defendants and the Releasees may refer to it to effectuate the dismissals, releases, and liability protections granted them hereunder;

(d)     shall not be offered, received, or construed against any Defendant or Releasee as evidence or construed or deemed to be evidence against Defendants or Plaintiffs as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)     shall not be offered, construed, or received in evidence as an admission, concession, or presumption against any Defendant or Releasee that Plaintiffs or any other Bovie stockholder may properly assert derivative claims against Bovie.

## VIII.  MISCELLANEOUS PROVISIONS

8.1     The Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of the Stipulation. Plaintiffs' Counsel and Defendants' Counsel agree to cooperate with one another in seeking entry by the Court of the Preliminary Approval Order and Judgment and seeking Court approval of this Stipulation, and to promptly agree upon and execute all other such documentation as may be required to obtain final approval of the Settlement.

8.2     This Stipulation and its exhibits constitute the entire agreement between the Parties as to the subject matter hereof and supersedes any prior or contemporaneous written or

**EXECUTION COPY**

oral agreements or understandings between the Parties. No representations, warranties or inducements have been made to any party concerning the Stipulation or its exhibit other than the representations, warranties and covenants contained and memorialized in such documents.

8.3    No modification or amendment of this Stipulation shall be valid unless made in writing and signed by or on behalf of each Party hereto.

8.4    Any Defendant or Releasee may file this Stipulation or the Judgment in any forum as may be necessary to establish principles of *res judicata*, collateral estoppel, release, accord and satisfaction, good faith settlement, judgment bar or reduction, bar order, or any other theory preclusion, release, discharge, or claims bar.  Any Defendant or Releasee may also file the Stipulation and/or the Judgment in any forum as may be necessary to establish that the Stipulation and/or the Settlement do not operate to admit, concede, or establish any allegation made in the Litigation or any liability, wrongdoing, or fault by any of the Individual Defendants or Bovie.

8.5    All agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Stipulation.

8.6    All of the exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.7    Plaintiffs' Counsel are expressly authorized by the Plaintiffs to take all appropriate action required or permitted pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation which they deem appropriate.

8.8    Each counsel executing the Stipulation or any of its exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

**EXECUTION COPY**

8.9    The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of original executed counterparts shall be filed with the Court.

8.10    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties.

8.11    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

8.12    The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver by any other party or a waiver of any other prior or subsequent breach of this Stipulation.

8.13    The Stipulation and the exhibits hereto shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Florida without giving effect to that state's choice-of-law principles.

**[Remainder of Page Intentionally Left Blank]**

**EXECUTION COPY**

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys dated as of June 25, 2014.

THE GRANT LAW FIRM, PLLC

_(signature)_

Lynda J. Grant
521 Fifth Avenue, 17th Floor
New York, New York 10175
Tel. 212-292-4441
Fax. 212-292-4443
Email: lgrant@grantfirm.com

*Counsel for Plaintiff Bruce A. Arbit*

**WOLF HALDENSTEIN ALDER FREEMAN & HERZ, LLP**

_(signature)_

Robert Abrams
270 Madison Avenue
New York, NY 10016
Tel. 212-545-4602
Fax. 212-545-4653
Email: abrams@whafh.com

*Counsel for Plaintiff Mark Winters*

**MORGAN & MORGAN, PA**

Christopher S. Polaszek
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel. 813-223-5505
Email: cpolaszek@forthepeople.com

*Local Counsel for Plaintiffs*

**CARLTON FIELDS JORDEN BURT, P.A.**

Samuel J. Salario, Jr.
4221 W. Boy Scout Boulevard, Suite 1000
Tampa, Florida 33607
Tel. 813-223-7000
Fax. 813-229-4113
Email: ssalario@carltonfields.com

*Counsel for Defendants Makrides, Saron, Kromer, Norman, Lentriccia, MacLaren, Konesky, Citronowicz, and Pardoll and Nominal Defendant Bovie Medical Corp.*

**RUSKIN MOSCOU FALTISCHEK, P.C.**

Mark S. Mulholland
1425 RXR Plaza, East Tower, 15th Floor
Uniondale, New York 11556
Tel. (516) 663-6528
Fax. (516) 663-6728
Email: mmullholland@rmfpc.com

*Counsel for Nominal Defendant Bovie Medical Corp.*

**FISHER RUSHMER WERRENRATH DICKSON TALLEY & DUNLAP, P.A.**

Chris Ballentine
390 North Orange Avenue, Suite 2200
Orlando, Florida 32801
Tel. 407-843-2111
Fax. 407-422-1080

*Counsel for Defendant Leonard Keen*

24

**EXECUTION COPY**

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed,

by their duly authorized attorneys dated as of June 25, 2014.

THE GRANTLAW FIRM, PLLC

_____
Lynda J. Grant
521 Fifth Avenue, 17th Floor
New York, New York 10175
Tel. 212-292-4441
Fax. 212-292-4443
Email: lgrant@grantfirm.com

*Counsel for Plaintiff Bruce A. Arbit*

**WOLF HALDENSTEIN ALDER FREEMAN & HERZ, LLP**

_____
Robert Abrams
270 Madison Avenue
New York, NY 10016
Tel. 212-545-4602
Fax. 212-545-4653
Email: abrams@whafh.com

*Counsel for Plaintiff Mark Winters*

MORGAN & MORGAN, PA

_____
Christopher S. Polaszek
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel. 813-223-5505
Email: cpolaszek@forthepeople.com

*Local Counsel for Plaintiffs*

**CARLTON FIELDS JORDEN BURT, P.A.**

_____
Samuel J. Salario, Jr.
4221 W. Boy Scout Boulevard, Suite 1000
Tampa, Florida 33607
Tel. 813-223-7000
Fax. 813-229-4113
Email: ssalario@carltonfields.com

*Counsel for Defendants Makrides, Saron, Kromer, Norman, Lentriccia, MacLaren, Konesky, Citronowicz, and Pardoll and Nominal Defendant Bovie Medical Corp.*

**RUSKINMOSCOUFALTISCHEK, P.C.**

_____
Mark S. Mulholland
1425 RXR Plaza, East Tower, 15th Floor
Uniondale, New York 11556
Tel. (516) 663-6528
Fax. (516) 663-6728
Email: mmulholland@rmfpc.com

*Counsel for Nominal Defendant Bovie Medical Corp.*

**FISHER RUSHMER WERRENRATH DICKSON TALLEY & DUNLAP, P.A.**

_____
Chris Ballentine
390 North Orange Avenue, Suite 2200
Orlando, Florida 32801
Tel. 407-843-2111
Fax. 407-422-1080

*Counsel for Defendant Leonard Keen*

24

**EXECUTION COPY**

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys dated as of June 26, 2014.

**THEGRANTLAWFIRM, PLLC**

_____

Lynda J. Grant
521 Fifth Avenue, 17th Floor
New York, New York 10175
Tel. 212-292-4441
Fax. 212-292-4443
Email: lgrant@grantfirm.com

*Counsel for Plaintiff Bruce A. Arbit*

**WOLF HALDENSTEIN ALDER FREEMAN & HERZ, LLP**

_____

Robert Abrams
270 Madison Avenue
New York, NY 10016
Tel. 212-545-4602
Fax. 212-545-4653
Email: abrams@whafh.com

*Counsel for Plaintiff Mark Winters*

**MORGAN & MORGAN, PA**

_____

Christopher S. Polaszek
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel. 813-223-5505
Email: cpolaszek@forthepeople.com

*Local Counsel for Plaintiffs*

**CARLTON FIELDS JORDEN BURT, P.A.**

_____

Samuel J. Salario, Jr.
4221 W. Boy Scout Boulevard, Suite 1000
Tampa, Florida 33607
Tel. 813-223-7000
Fax. 813-229-4113
Email: ssalario@carltonfields.com

*Counsel for Defendants Makrides, Saron, Kromer, Norman, Lentriccia, MacLaren, Konesky, Citronowicz, and Pardoll and Nominal Defendant Bovie Medical Corp.*

**RUSKINMOSCOUFALTISCHEK, P.C.**

_____

Mark S. Mulholland
1425 RXR Plaza, East Tower, 15th Floor
Uniondale, New York 11556
Tel. (516) 663-6528
Fax. (516) 663-6728
Email: mmullholland@rmfpc.com

*Counsel for Nominal Defendant Bovie Medical Corp.*

**FISHER RUSHMER WERRENRATH DICKSON TALLEY & DUNLAP, P.A.**

_____

Chris Ballentine
390 North Orange Avenue, Suite 2200
Orlando, Florida 32801
Tel. 407-843-2111
Fax. 407-422-1080

*Counsel for Defendant Leonard Keen*

24

**EXECUTION COPY**

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed,

by their duly authorized attorneys dated as of June ___, 2014.

| | |
|---|---|
| **THEGRANTLAWFIRM, PLLC** | **CARLTON FIELDS JORDEN BURT, P.A.** |

_____    _____

Lynda J. Grant                           Samuel J. Salario, Jr.
521 Fifth Avenue, 17th Floor       4221 W. Boy Scout Boulevard, Suite 1000
New York, New York 10175         Tampa, Florida 33607
Tel. 212-292-4441                   Tel. 813-223-7000
Fax. 212-292-4443                 Fax. 813-229-4113
Email: lgrant@grantfirm.com      Email: ssalario@carltonfields.com

*Counsel for Plaintiff Bruce A. Arbit*   *Counsel for Defendants Makrides, Saron,*
*Kromer, Norman, Lentriccia, MacLaren,*
**WOLF HALDENSTEIN ALDER**   *Konesky, Citronowicz, and Pardoll and*
**FREEMAN & HERZ, LLP**         *Nominal Defendant Bovie Medical Corp.*

_____   **RUSKINMOSCOUFALTISCHEK, P.C.**

Robert Abrams
270 Madison Avenue             _____
New York, NY 10016
Tel. 212-545-4602                   Mark S. Mulholland
Fax. 212-545-4653                 1425 RXR Plaza, East Tower, 15th Floor
Email: abrams@whafh.com        Uniondale, New York 11556
Tel. (516) 663-6528
*Counsel for Plaintiff Mark Winters*   Fax. (516) 663-6728
Email: mmulholland@rmfpc.com

**MORGAN & MORGAN, PA**        *Counsel for Nominal Defendant Bovie*
*Medical Corp.*

_____   **FISHER   RUSHMER   WERRENRATH**
**DICKSON TALLEY & DUNLAP, P.A.**
Christopher S. Polaszek
201 N. Franklin Street, 7th Floor    _____
Tampa, Florida 33602
Tel. 813-223-5505                  Chris Ballentine
Email: cpolaszek@forthepeople.com  390 North Orange Avenue, Suite 2200
Orlando, Florida 32801
*Local Counsel for Plaintiffs*          Tel. 407-843-2111
Fax. 407-422-1080

*Counsel for Defendant Leonard Keen*