IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRUCE A. ARBIT and MARK WINTERS,
derivatively on behalf of Bovie Medical Corp.,

       Plaintiffs,

v.　　　　　　　　　　　　　　　　　　　　　　Case No: 8:11-cv-02020-T-30TBM

ANDREW MAKRIDES, J. ROBERT SARON,
GEORGE W. KROMER, MICHAEL G.
NORMAN, AUGUST LENTRICCHIA, STEVEN
MACLAREN, GREGORY ALAN KONESKY,
MOSHE CITRONOWICZ, PETER PARDOLL,
and LEONARD KEEN,

       Defendants,

and

BOVIE MEDICAL CORP.,

       Nominal Defendant.
_____/

## ORDER AND FINAL JUDGMENT

This shareholder derivative case on behalf of Bovie Medical Corporation ("Bovie" or the "Company") comes before the Court for consideration of Plaintiffs' Motion for Final Approval of Settlement, Application for an Award of Fees and Expenses, and Application for Enhancement Awards. The terms and conditions of the proposed settlement are set forth in a Stipulation and Agreement of Settlement filed with the Court on June 26, 2014 (Dkt. 99) (the "Stipulation"). Unless otherwise defined herein, all capitalized terms used herein have the same meanings as those used in the Stipulation.

The Court conducted the Settlement Hearing on October 2, 2014. Notice of the Settlement Hearing and the matters to be determined thereafter was provided to Bovie stockholders as required by the Amended Preliminary Approval Order entered by the Court on July 7, 2014. The Parties appeared through their respective attorneys of record, and the Court heard and considered evidence and argument in support of the proposed Settlement. An opportunity to be heard was provided to all other persons requesting to be heard in accordance with the Preliminary Approval Order. Upon due consideration of the Stipulation, the evidence submitted on the Settlement, the written and oral arguments of counsel, and the record as a whole,

**IT IS HEREBY FINALLY ORDERED, ADJUDGED, AND DECREED**, as follows:

1. The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement of the Action, as well as personal jurisdiction over all of the Parties. Plaintiffs, Defendants, Bovie, and Bovie's stockholders, and their heirs, executors, predecessors, successors, and assigns, are bound by this Order and Final Judgment.

2. Notice has been given to Bovie stockholders, pursuant to and in the manner directed by the Preliminary Approval Order. The Court finds that the content and form of the Notice and the manner in which it was provided to Bovie's stockholders constituted the best notice practicable under the circumstances and fully satisfied the requirements of Federal Rules of Civil Procedure 23.1 and due process.

3. The Court finds that each of the provisions of Federal Rule of Civil Procedure 23.1 has been satisfied and that the Action has been properly maintained according to the provisions of that Rule. The Court further finds that Plaintiffs have held stock in the Company

since the time of the conduct complained of in the Action, otherwise have standing to prosecute the Action, and are adequate representatives of all stockholders of the Company.

4. The Court finds that the Stipulation and the Settlement provided for therein are fair, reasonable, and adequate and in the best interests of Bovie and its stockholders. The Court hereby finally approves the Stipulation and the Settlement in all respects, and directs the Parties to perform in accord with the terms of the Stipulation.

5. The Action and all claims contained herein, as well as all of the Released Claims, are hereby dismissed with prejudice. As between Plaintiffs and Defendants, each of the Parties is to bear its own fees and costs, except as otherwise provided by the Stipulation.

6. Upon the payment of the Fee and Expense Award, Plaintiffs, Bovie and Bovie's stockholders, on behalf of themselves and any other person or entity who could assert any of the Released Claims on their behalf, shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, remised, and discharged each of the Releasees from any and all Released Claims. Also upon payment of the Fee and Expense Award, Plaintiffs, every other stockholder of Bovie, any other person or entity who could assert any of the Released Claims on their behalf are hereby permanently barred and enjoined from asserting any Released Claims against any of the Releasees. Pending payment of the Fee and Expense Award, the provisions of Paragraph 9 of the Preliminary Approval Order shall remain in full force and effect; <u>provided, however</u>, that Plaintiffs' Counsel may seek to enforce payment of the Fee and Expense Award in accord with the provisions of Paragraph 5.2 of the Stipulation.

7. Upon the payment of the Fee and Expense Award, each of the Defendants shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and

forever released, remised, and discharged each of the Plaintiff Releasees from any and all Plaintiff Released Claims.

8. The Court hereby approves a Fee and Expense Award in the sum of $850,000.00, which Fee and Expense Award shall be in full and complete satisfaction of any and all fees, costs, or expenses incurred by or due to Plaintiffs' Counsel. or anyone else who has asserted or assisted or participated in any way in the assertion or prosecution of Claims in the Action. The Court finds that a Fee and Expense Award in the above-stated amount is fair and reasonable.

9. The Court hereby approves an Enhancement Award to Plaintiff Arbit in the sum of $2,500.00 and an Enhancement Award to Plaintiff Winters in the sum of $2,500.00. The Court finds that Enhancement Awards in the above-stated amounts are fair and reasonable.

10. No proceedings or Court order with respect to the Fee and Expense Award or the Enhancement Awards shall in any way disturb or affect this Order and Final Judgment (including precluding this Order and Final Judgment from becoming Final or otherwise being entitled to preclusive effect), and any such proceedings or Court order shall be considered separate from this Order and Final Judgment. No proceeding, appeal, or petition pertaining solely to the Fee and Expense Award or Enhancement Awards or reversal or modification thereof shall operate to terminate, modify, or cancel the Stipulation, or affect or delay the Effective Date or prevent or delay this Order and Final Judgment from becoming Final.

11. In the event that the Settlement is terminated pursuant to the terms of the Stipulation or the Effective Date otherwise fails to occur for any reason, the Settlement, and the Stipulation (other than ¶¶ 1.1-1.17 (to the extent they provide definitions), 5.2 (to the extent it requires the return of the Fee and Expense Award to Defendants' insurance carriers), 7.1, 8.3-8.13 thereof) shall be canceled and terminated; this Order (other than ¶ 12) shall become null and

void and be without prejudice to the rights of Plaintiffs, Bovie's stockholders, Defendants, and the Company; and all proceedings in, and parties to, the Action shall revert to their status as of December 12, 2013.

12. This Order and Final Judgment, the Preliminary Approval Order, the Stipulation, whether or not consummated, any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement, and any negotiations, discussions or proceedings in connection with this Stipulation or the Settlement:

    (a) shall not be offered or received against any Defendant or Releasee as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant or Releasee of the truth of any fact alleged by Plaintiffs or the validity of any claim that has been or could have been asserted in the Action or any other litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, or of any liability, negligence, fault, or wrongdoing of the Defendants and Releasees;

    (b) shall not be offered or received against any Defendant or Releasee as evidence of or construed or deemed to be evidence of a presumption, concession, admission of any fault, breach of duty, misrepresentation, omission, or other wrongdoing with respect to any conduct by or any statement or written document approved or made by any Defendant or Releasee;

    (c) shall not be offered or received against any Defendant or Releasee as evidence or construed or deemed to be evidence of a presumption, concession, or admission of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Parties, in any other civil, criminal or

administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; <u>provided, however</u>, that Defendants and the Releasees may refer to it to effectuate the dismissals, releases, and liability protections granted thereunder;

(d)   shall not be offered, received, or construed against any Defendant or Releasee as evidence or construed or deemed to be evidence against Defendants or Plaintiffs as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

(e) shall not be offered, received, or construed against any Plaintiff or any Bovie stockholders as evidence or construed or deemed to be evidence that the claims asserted in the Action lacked merit or were otherwise incapable of being proved; and

(f)   shall not be offered, construed, or received in evidence as an admission, concession, or presumption against any Defendant or Releasee that Plaintiffs, Bovie or any other Bovie stockholder may properly assert derivative claims against the Individual Defendants.

13.   The Parties are hereby authorized, without further approval from the Court, to agree to adopt such amendments, modifications, and expansions of the Stipulation that are consistent with this Order and Final Judgment and the Stipulation and that do not limit the rights of Plaintiffs, Defendants, the Company, or the Company's stockholders under the Stipulation. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

14. Without affecting the finality of this Judgment in any way, this Court reserves jurisdiction over all matters relating to the administration, enforcement and consummation of the Settlement and this Order and Final Judgment for a period of one year.

15. This Order and Final Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accord with Rule 58 of the Federal Rules of Civil Procedure.

Done and Ordered this 2nd day of October, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE